■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY NADILE, Appellant.— Case held and matter remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the Memorandum. Memorandum: In this postconviction proceeding to determine the question of voluntariness of two statements, parts of which were received in evidence upon defendant's trial, the Justice who presided at the hearing made no finding respecting the voluntariness of one of the statements. His finding that the other statement was voluntarily made by defendant did not find that voluntariness thereof was proved beyond a reasonable doubt. Findings were made that the statements were not confessions but were exculpatory statements and, as such, could not be the bases for relief under the rule stated in *People* v. *Huntley* (15 N Y 2d 72). We do not agree with such findings. Although the statements did not contain any direct confession by defendant that he committed the crime charged against him, they did contain admissions of facts which were used against him on the trial. Objections interposed by his trial attorney sufficiently raised the question of the voluntariness of the statements and the trial court charged the jury on that issue. The right to a hearing and determination on the issue of voluntariness allowed by the *Huntley* decision is not limited to confessions but also includes statements containing admis-

sions. (*People* v. *Harden,* 17 N Y 2d 470; *People* v. *Catanzaro,* 17 N Y 2d 185; *People* v. *Hocking,* 15 N Y 2d 973, 975.) We return the case to Supreme Court for determination of the voluntariness of the statements as presented at the hearing and for an appropriate decision which shall contain specific findings of fact and conclusions of law and if the Justice finds voluntariness, he must determine and decide whether it was proved beyond a reasonable doubt. (See *People* v. *Veitch,* 25 A D 2d 494.) (Appeal from order of Supreme Court, Onondaga County, denying motion to vacate a judgment of conviction for murder, first degree, rendered March 27, 1941.) Present — Bastow, J. P., Goldman, Henry and Marsh, JJ.